UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 FNU LNU,

    Defendant.

Case No. 19-20256

Hon. Robert H. Cleland

---

**Government's Response to Defendant's
Motion for Revocation of Detention Order**

---

An indictment charges Defendant, whose real identity is unknown, with access device fraud, possession of device making equipment, and aggravated identity theft. (R. 1, Indictment.) Defendant has no legitimate ties to Michigan, is present illegally in the United States, and presents an extreme risk of flight. His motion for bond should be denied.

## *Statement of Facts*

Defendant's true identity is unknown. Defendant appears to be a Romanian national, but the government has not located any legitimate identification documents for him. Defendant entered the United States illegally and without any immigration documents. Accordingly, Immigration and Customs Enforcement (ICE) has lodged a detainer for Defendant. If this Court grants Defendant's motion and releases him on bond, he will be taken into ICE custody.

From approximately 2017 to 2019, Defendant placed skimming devices and cameras on ATMs. Defendant's skimmers and cameras harvested personal identifying information (PII), such as credit card numbers, debit card numbers, and associated pin numbers. Defendant used this information to withdraw money from bank accounts in Michigan and elsewhere.

On April 13, 2019, law enforcement arrested Defendant in his car, acting as a lookout while his co-defendant, Laszlo Gyorgy, approached an ATM. Defendant was in possession of $35,500 in cash and 300 gift cards encoded with stolen credit card information. (R. 1, ¶ 14.) At his arrest, Defendant provided false identification to the police. He told

police that he was R.W.G., a New York resident and victim of identity theft. Defendant presented a false Michigan enhanced driver's license in the name of R.W.G. (R. 1, ¶ 15.) The investigation later determined that Defendant had used R.W.G.'s identity to obtain a social security card and Michigan driver's license, to establish a mailbox at UPS, and open a bank account. (R. 1, ¶ 16.)

A subsequent search of Defendant's residence recovered an additional $95,332 in cash and 330 fraudulent credit cards, as well as counterfeit access device components and related materials. (R. 1, ¶ 18.) A search of a storage unit rented by Gyorgy recovered $22,480 in cash and receipts for clothing purchased in the name of Defendant's alias, R.W.G.

Although Defendant refused to provide his name to law enforcement at his arrest, he has recently provided a name ("L.C."[1]) that he claims is his true identity. The government has confirmed that Canada has a record of an individual entering that country using the name L.C. The government believes that this is the identity that

---

[1] Defendant redacted his alleged identity from his public court filing. Accordingly, that name is not included in this publicly filed document.

Defendant used to enter Canada, where he resided for several years before illegally entering the United States. The FBI has also asked the government of Romania to confirm Defendant's identity, and the Romanian authorities indicated that they have no record of anyone with the name that Defendant has provided. To date, the government is not satisfied that "L.C." is Defendant's real name.

## *Argument*

Where the government establishes by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance of the [defendant]," detention is appropriate. *United States v. Jackson*, 823 F.2d 4,5 (2d Cir. 1987); 18 U.S.C. § 3142(e)(1). When evaluating the issue of bond or detention, the Court considers four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the danger posed to the community by the defendant's release. 18 U.S.C. § 3142(g). All of these factors weigh in favor of Defendant's continued detention.

Defendant's offense involves the stealing of personal identifying information. Defendant not only used PII to steal thousands of dollars

4

from hundreds of people, but he also used this information to create a fake identity for himself. When arrested, Defendant told police that he was R.W.G. At its most basic, release on bond is about trust. Defendant's offense shows that he has not earned this trust. His use of fake identities and refusal to provide his real name demonstrate that he cannot be trusted to comply with bond conditions.

The weight of the evidence of Defendant's risk of flight is strong. Defendant is present in this country illegally. He entered the country without any legitimate documentation. He used the identity of a real person and victim of identity theft, R.W.G., to obtain identification documents and open bank accounts.

Defendant's history and characteristics do not support his request for release. In his bond motion, Defendant provides facts about his childhood and early life in Romania. (Def. Motion, p. 4.) But missing from Defendant's motion is any description of his legitimate ties to the Eastern District of Michigan. He does not have any employment or family here. Defendant's only connection to the United States and this district are the crimes he committed for several years. There is no reason for Defendant to stay in this district if he is released on bond.

5

Finally, Defendant's release would also pose a danger to the community. Defendant has supported himself for years by stealing PII and money from real people. If released, there is good reason to believe that Defendant would continue to commit fraud.

## *Conclusion*

Defendant's motion should be denied.

>Respectfully submitted,
>
>MATTHEW SCHNEIDER
>United States Attorney
>
>*s/Sara D. Woodward*
>Assistant United States Attorney
>211 W. Fort Street, Suite 2001
>Detroit, MI  48226
>Phone:  (313) 226-9180
>E-Mail: sara.woodward@usdoj.gov

Dated:  August 14, 2019

## Certificate of Service

I certify that on August 14, 2019, I filed the foregoing document with the Clerk of the Court, which will provide notification to counsel of record:

        Loren Dickstein
Attorney for Defendant

        s/*Sara D. Woodward*
        Sara D. Woodward
        Assistant U.S. Attorney
        U.S. Attorney's Office