UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                       Case No. 19-20256

LASZLO CSIKI,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION**

Defendant Laszlo Csiki pleaded guilty on October 23, 2019, to possession of device-making equipment, 18 U.S.C. § 1029(a)(4), and aggravated identity theft, 18 U.S.C. § 1028A. (ECF No. 59, PageID.305.) On June 23, 2020, the court sentenced him to 54 months imprisonment. (*Id.*, PageID.306.)

Defendant filed an "Emergency Motion for Compassionate Release" and a "Renewed Motion for Compassionate Release." (ECF Nos. 76, 81.) In both motions, he asserted that the health risk presented by the Coronavirus Disease ("COVID-19") while incarcerated at McRae Correctional Institution justified his immediate release.

On May 11, 2021, the court denied the motions for compassionate release. (ECF No. 88.) It reasoned that Defendant had refused to receive the Moderna COVID-19 vaccine, which is "extraordinarily effective at reducing the risk of COVID-19 infection." (*Id.*, PageID.691.) Because he refused "a safe, effective, and reliable vaccine," the court held that he did not present extraordinary and compelling circumstances and that compassionate release was not warranted. 18 U.S.C. § 3582(c)(1)(A) (requiring, to

obtain compassionate release, that a defendant have "extraordinary and compelling" circumstances). (*Id.*, PageID.692, 694.)

On May 25, 2021, Defendant mailed a motion for reconsideration of the court's May 11 opinion. (ECF No. 89.) He makes several arguments disputing primarily the efficacy of COVID-19 vaccines.

To prevail on a motion for reconsideration, there must be a "palpable defect" that "misled" the court. E.D Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (Borman, J.). "[C]orrecting the defect" must also "result in a different disposition of the case." E.D Mich. L.R. 7.1(h)(3). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.*; *see also Hence v. Smith*, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999) (Gadola, J.).

Defendant argues that the Moderna vaccine *may* not be effective at preventing COVID-19 given his health profile. (ECF No. 89, PageID.696-97.) He claims that he has asthma and is obese. (*Id.*, PageID.699.) However, he does not dispute the court's finding on May 11 that "[a]vailable scientific evidence demonstrates that the Moderna vaccine is extraordinarily effective at reducing the risk of COVID-19 infection." (ECF No. 88, PageID.691-92 (citing *Moderna COVID-19 Vaccine Overview and Safety*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html (last visited June 8, 2021); Mark G. Thompson et al., *Interim Estimates of Vaccine Effectiveness* (2021); COVID-19 Vaccines, Harvard Medical School, https://www.health.harvard.edu/coronavirus-and-

covid-19/covid-19-vaccines (last visited June 8, 2021)).) Nor does Defendant call into question the court's reasoning that "courts have regularly denied motions for compassionate release on the basis of COVID-19 when prisoners have declined to receive a COVID-19 vaccine." (ECF No. 88, PageID.692-93 (citing *United States v. Toney*, Case No. 17-20184, 2021 WL 1175410, at *1 (E.D. Mich. Mar. 29, 2021) (Levy, J.); *United States v. Carter*, Case No. 13-20422, 2021 WL 1310784, at *3 (E.D. Mich. Apr. 8, 2021) (Murphy, J.); *United States v. Cohen*, Case No. 09-20326, 2021 WL 1575300, at *2 (E.D. Mich. Apr. 22, 2021) (Edmunds, J.); *United States v. MacGregor*, Case No. 15-20093, 2021 WL 1378786, at *1 (E.D. Mich. Apr. 12, 2021) (Leitman, J.)).)

Defendant also states that COVID-19 vaccines *may* become less effective over time, and vaccinated individuals *may* at some point contract (presently unidentified) strains of COVID-19. (ECF No. 89, PageID.696-97.) However, as the court explained in its May 11 decision, purely "speculative possibilities of harm . . . do not justify the extraordinary remedy of early release from a proper sentence." (ECF No. 88, PageID.694.) The remote and indefinable possibility that COVID-19 will spread through Defendant's location of confinement, prison officials will fail to contain the disease, future public health interventions and medical treatments will not protect Defendant from COVID-19, he will contract the disease, and he will develop life threatening symptoms does not support compassionate release. There was no "palpable defect" by which the court was "misled" in its May 11 opinion. E.D Mich. L.R. 7.1(h)(3). Accordingly,

IT IS ORDERED that Defendant's "Motion for Reconsideration" (ECF No. 89) is DENIED.

        s/Robert H. Cleland         /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 9, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 9, 2021, by electronic and/or ordinary mail.

        s/Lisa Wagner         /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-20256.CSIKI.MotionforReconsideration.RMK.docx