**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA

        Plaintiff,

                                          Case No. 19-20256

v.

LASZLO CSIKI

        Defendant.
_____/

**OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Defendant Laszlo Csiki moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his 54-month sentence following his guilty plea to possession to device-making equipment, 18 U.S.C. § 1029(a)(4), and aggravated identity theft, 18 U.S.C. § 1028A. (ECF No. 97) The motion was referred to Magistrate Judge Kimberly G. Altman, who has issued a Report and Recommendation ("R&R") advising the court to deny Defendant's request and decline a certificate of appealability. (ECF No. 107.) Defendant objects to the Magistrate Judge's recommendations. (ECF No. 108.)

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file "specific written objections to the proposed findings and recommendations" of a magistrate judge. Such an objection "must: (A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection." E.D. Mich. LR 72.1(d)(1).

The court reviews *de novo* only the portions of a R&R to which proper objections have been filed. *See* 28 U.S.C. § 6369b)(1); Fed. R. Civ. P. 72(b). It is well-established that "the district court need not provide *de novo* review where the objections are [f]rivolous, conclusive or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation marks and citations omitted); *see also Drew v. Tessmer*, 36 F. App'x 561, 561 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirements of specific objections and is tantamount to a complete failure to object."); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[O]bjections must be clear enough to enable the district court to discern those issue that are dispositive and contentious."); *Howard v. Sec. of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (holding that "a general objection to the entirety of a magistrate's report, without specifying a single issue of contention" was not a proper objection); *Cary v. Stewart*, No. 17-13632, 2018 WL 4576680, at *4 (E.D. Mich. Sept. 25, 2018) (Cleland, J.) ("Because Plaintiff raises no specific objections to the Magistrate Judge's R&R but merely repeats his brief, Plaintiff has waived any matter therein that might otherwise be cast as an objection.") (citation omitted).

Here, Defendant is not without guidance. He was expressly directed to raise objections in a way that would facilitate the court's review: "Any objections must be labeled as 'Objection No. 1,' 'Objection No. 2,' etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains." (ECF No. 107, PageID.827.). Yet, Defendant merely parrots the Magistrate Judge's headings as "Objections," under which he rehashes his motion and includes new assertions that

were not presented to the Magistrate Judge,[1] and then objects to the entirety of the R&R. (ECF No. 108.) Defendant never "pinpoint[s] those portions of the [M]agistrate [J]udge's report that the [] court must specially consider." *Mira*, 806 F.2d at 637. He therefore has not made proper objections as defined by the Federal Rules of Civil Procedure, the local rules, or relevant precedent. The court need not review *de novo* any part of the Magistrate Judge's R&R.

Having reviewed the parties' briefings and the R&R, the court agrees with the Magistrate Judge's well-reasoned findings and recommendations. Accordingly,

IT IS ORDERED Defendant's Objections (ECF No. 108) are OVERRULED and the Magistrate Judge's R&R (ECF No. 107) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's Motion under § 2255 (ECF No. 97) is DENIED.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.

s/Robert H. Cleland  /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: December 8, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 8, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner  /<br>
Case Manager and Deputy Clerk<br>
(810) 292-6522

S:\Cleland\Cleland\NTH\Criminal\19-20256.CSIKI.ObjectionstoRR.NH.docx

---

[1] Arguments first raised in objections to the Magistrate Judge's R&R are waived. *Murr v. United States*, 200 F.3d 895, 902, n.1 (6th Cir. 2000).